ELIZABETH POWERS, Respondent, Appellant, v. WESTCHESTER ELECTRIC RAILROAD COMPANY, Appellant, Respondent.— Order affirmed, without costs. No opinion. Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Respondent, v. ALBERT D. TIETJEN and Another, as Inspectors of Election of the Fifth Election District of the Fifth Ward of the City of Mount Vernon, N. Y., and Others, Respondents, and EDWARD F. BRUSH, Appellant. — Order affirmed on argument, without costs. Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN W. FISKE, Respondent, v. GEORGE P. OWEN and Another, as Inspectors of Election in the Fourth Election District of the Fourth Ward of the City of Mount Vernon, N. Y., and Others, Respondents, and EDWARD F. BRUSH, Appellant. — Order affirmed on argument, without costs. Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES LUNNEY, Respondent, v. AUGUSTUS P. ALTEMEIER, as Special Deputy Commissioner of Excise for the County of Orange, etc., and Another, Appellants.— Subdivision 10 was added to section 8 of the Liquor Tax Law by chapter 168 of the Laws of 1913. The provision in such subdivision on which relator relies saves from the prohibition of the subdivision those premises in which traffic in liquors under the provisions of subdivision 2 was lawfully carried on at some time "within one year immediately preceding the passage of this act." This meant one year preceding April 3, 1913. This meaning is not changed by the amendment (Laws of 1917, chap. 623) which continued the proviso without change of language. (Ely v. Holton, 15 N. Y. 598; Moore v. Mausert, 49 id. 332.) The fact that relator trafficked in liquor as though he held a certificate under subdivision 2 at some time within one year prior to the passage of the amendment of 1917, does not bring him within the meaning of the provision in subdivision 10, adopted in 1913. Order reversed and motion denied, without costs. Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.

RUFUS L. SCOTT, Appellant, v. BELLE HARBOR-EDGEMERE REALTY COMPANY, INC., and Another, Respondents.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.